PER CURIAM.
In 1979, the Florida Bar Board of Governors petitioned this Court to approve a plan which would allow bar members to become “board certified” as having special competence in specific areas of law, as determined by the board of governors. In the original opinion in this matter, we rejected the bar’s initial plan, but approved lawyer certification in concept and suggested that the bar resubmit a pilot plan. The bar thereafter submitted for approval a permanent certification plan in the areas of taxation and civil trial advocacy. We again approved the matter in substance, but again remanded the plan to the bar for redrafting, finding the plan’s administrative structure and procedure cumbersome and not properly interrelated with lawyer advertising and designation.
The board of governors has now submitted a redrafted plan for Court approval. We find the present plan properly harmonizes lawyer advertising, designation, and certification through the advent of a “Board of Certification, Designation, and Advertising,” which controls the policy decisions of all three areas, subject, of course, to ultimate responsibility in the board of governors and, in turn, this Court.
We approve with slight structural modification the proposed plan, as appended to this opinion, including amendment to or adoption of the following: (1) Integration Rule of the Florida Bar, article XXI (Florida Specialization Regulation); (2) Bylaws under the Integration Rule, article XIX (Florida Certification Plan; including standards for certification of board certified civil trial lawyer and standards for certification of board certified tax lawyer); (3) Bylaws under the Integration Rule, article XX (Florida Designation Plan; this section repeals article XVII); (4) Integration Rule, article XI (Rules of Discipline relating to rule 11.13(8), Ethics and Unauthorized Practice of Law Opinions); and (5) Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-105 (Limitation of Practice; allowing lawyer publication of any certification specialty).
The bar is.directed to publish the plan in the Florida Bar News by February 15,1982, so that interested parties may have the opportunity to respond on or before March 10, 1982. Barring further amendment or modification as a result of the responses received, the total plan shall become effective on July 1, 1982, at 12:01 a. m.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
APPENDIX

Contents

Amendment to Integration Rule, Article XXI (Florida Specialization Regulation) . 491
Adopted Bylaws Under Integration Rule, Article XIX (Florida Certification Plan) . 491
Standards for Certification of a Board Certified Civil Trial Lawyer . 496
Standards for Certification of a Board Certified Tax Lawyer . 497
Adopted Bylaws Under the Integration Rule, Article XX (Florida Designation Plan). ®00
Amendment to Integration Rule, Article XI (Rules of Discipline; Rule 11.13(8), Additional Rules of Procedure) . 504
Amendment to Code of Professional Responsibility, Disciplinary Rule 2-305 (Limitation of Practice). ®®4
*491 The Integration Rule of The Florida Bar is amended to provide that Article XXI is hereby repealed and replaced with the following:
ARTICLE XXI
FLORIDA SPECIALIZATION REGULATION
PREAMBLE
It is recognized that the Code of Professional Responsibility presently governs the ethical conduct of lawyers. It is further recognized that the Florida programs for specialization regulation must be carefully related and coordinated to assure the public is advised of the significance of participation or nonparticipation in such programs. It is the responsibility of the Supreme Court of Florida and The Florida Bar to assist the public in selecting a lawyer of their choice to perform necessary services. To honor that responsibility, the Board of Governors of The Florida Bar shall establish the Board of Certification, Designation and Advertising to function as a central administrative board to oversee specialization regulation and lawyer advertising in Florida.
1.The Board of Certification, Designation and Advertising shall be composed of 13 members of The Florida Bar appointed by the president of The Florida Bar, with the advice and consent of the Board of Governors. Twelve of the members shall hold office for three years and until their successors are appointed. These 12 members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: four members shall serve until the June 30 next following their appointment; four members shall serve until the second June 30 following their appointment; and four members shall serve until the third June 30 following their appointment. One of the 12 members shall be designated by the president as chairman. The 13th member shall be the chairman of the Continuing Legal Education Committee of The Florida Bar. Any vacancy shall be filled in the manner provided for original appointments.
2. There is established the Florida Certification Plan which allows members of The Florida Bar to inform the public concerning areas of law practice in which such members have become certified as having special knowledge, skills and proficiency. The bylaws governing the plan are set out in Article XIX. Any future amendments to or additional areas under the plan will become effective when approved by the court.
3. There is established the Florida Designation Plan which allows members of The Florida Bar to inform the public concerning areas of law practice in which such members have substantial experience or education. The bylaws governing the plan are set out in Article XX. Any future amendments to the plan will become effective when approved by the court.
4. The Board of Governors may require those who wish to participate in these plans to pay reasonable fees to The Florida Bar to be approved by the court. The funds derived from such fees shall be used exclusively for purposes related to the plans.
5. The Florida Bar Code of Professional Responsibility governs the ethical conduct of lawyers with respect to advertising and other aspects of the practice of law. Establishment of this Board of Certification, Designation and Advertising with responsibility for advertising is not meant to amend or alter the Code without following the normal procedure of petitioning the Supreme Court of Florida. This board will participate in the issuance of advisory opinions on lawyer advertising or solicitation in accordance with procedures prescribed by the Board of Governors pursuant to Article XI, Rule 11.-13(8) of the integration Rule of The Florida Bar.
The Bylaws Under the Integration Rule are Amended to Create:
ARTICLE XIX
FLORIDA CERTIFICATION PLAN
Section 1. ADMINISTRATION.
The Board of Certification, Designation and Advertising (the “Board”) shall have *492 the authority and responsibility to administer the program for regulation of certification including:
(a) Recommend to the Board of Governors areas in which certificates may be granted and provide procedures by which such areas may be determined, redefined or eliminated.
(b) Recommend to the Board of Governors minimum, reasonable and nondiscriminatory standards concerning education, experience, proficiency and other relevant matters for granting certificates in areas of certification.
(c) Provide procedures for the investigation and testing of the qualifications of applicants and certificate holders and to award certificates.
(d) Encourage law schools, the Continuing Legal Education Committee of The Florida Bar, local bar associations and other continuing legal education entities to develop and maintain a program of continuing legal education to meet the standards described by the plan.
(e) Cooperate with other agencies of The Florida Bar in establishing and enforcing standards of professional conduct necessary for the recognition and regulation of certification.
(f) Cooperate with the Standing Committee on Specialization of the American Bar Association and with the agencies in other states engaged in the regulation of legal specialization.
(g) Report as required, but at least annually, to the Board of Governors on the status and conditions of the plan.
(h) Determine standards, rules and regulations to implement this authority, in accordance with the limitations of power of the Board of Governors and the minimum standards prescribed by the Supreme Court of Florida.
(i) Delegate to The Florida Bar staff any of the administrative responsibilities of the Board, providing the Board retains responsibility for staff decisions.
Section 2. CERTIFICATION COMMITTEES.
For each certification area approved by the Supreme Court of Florida, a seven-member committee, bearing the name of the area, shall be appointed by the president of The Florida Bar, with the advice and consent of the Board of Governors. Members of each committee shall be members in good standing of The Florida Bar, shall have been admitted to The Florida Bar no less than 10 years and must meet such other requirements as may in the future be promulgated by the Board. The committee members shall hold office for three years and until their successors are appointed. The committee members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: two members shall serve until June 30 next following their appointment; two members shall serve until the second June 30 following their appointment; and three members shall serve until the third June 30 following their appointment. Initial committee appointees shall be eminent attorneys in such field and shall be granted certificates by reason of such appointment. Subsequent appointees must have received a certificate in the area prior to appointment.
Section 3. JURISDICTION OF CERTIFICATION COMMITTEES.
Each certification committee shall be responsible for:
(a) Proposing criteria for the issuance or renewal of a certificate, which may include:
(1) Experience;
(2) References;
(3) Continuing legal education;
(4) Examination, either oral or written or both; and
(5) Whether certificates may be issued without examination and on what basis.
(b) Reviewing applications for certificates.
(c) Reviewing and establishing testing procedures as may be deemed necessary for certification or recertification.
*493 (d)Recommending to the Board certificates be issued to those individuals meeting both the minimum standards imposed by this plan and the particular standards for the area for which certification is sought.
Section 4. LIMITATIONS ON THE POWERS OF THE BOARD OF GOVERNORS, THE BOARD OF CERTIFICATION, DESIGNATION AND ADVERTISING, AND THE CERTIFICATION COMMITTEES.
The following limitations are established:
(a) No standard shall be approved which shall, in any way, limit the right of a certificate holder to practice law in all areas. Subject to Canon 6, any lawyer, alone or in association with any other lawyer, shall have the right to practice in all areas of law, even though he is certified in a particular area.
(b) No lawyer shall be required to be certified before he can practice law in any particular area. Subject to Canon 6, any lawyer, alone or in association with any other lawyer, shall have the right to practice in all areas of law, even though he is not certified in any particular area.
(c) All requirements for and all benefits to be derived from certification are individual and may not be fulfilled by or attributed to a law firm of which the certified lawyer may be a member.
(d) Participation in the plan shall be on a voluntary basis.
(e) The limit on the number of areas in which a lawyer may be certified shall be determined by such practical limits as are imposed by the requirements of “substantial involvement” and such other standards as may be established by the Board.
(f) No rules or standards shall be adopted in contravention of the Integration Rule, the Bylaws Under the Integration Rule, or the Code of Professional Responsibility.
Section 5. STANDARDS FOR CERTIFICATION.
(a)The minimum standards for certification are prescribed below. Each area of certification established under this article may contain higher or additional standards if approved by the Supreme Court of Florida.
(b) A member in good standing of The Florida Bar who meets the requirements may be granted a certificate in an area of certification. The certificate shall be issued by the Board and state that the lawyer is a “Board Certified (area of certification) Lawyer.”
(c) Minimum requirements for qualifying for certification by examination are:
(1) A minimum of five years in the practice of law on a full-time basis. The “practice of law” means full-time legal work performed primarily for purposes of rendering legal advice or representation. Service as a judge of any court of record shall be deemed to constitute the practice of law. Employment by the government of the United States, any state (including subdivisions of the state such as counties or municipalities) or the District of Columbia, and employment by a public or private corporation or other business shall be deemed to constitute the practice of law if the individual was required as a condition of employment, to be a member of the Bar of any state or the District of Columbia.
(2) A satisfactory showing of substantial involvement in the particular area for which certification is sought during three of the last five years preceding the application for certification.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required under the Florida Designation Plan.
(4) Passing a written and/or oral examination applied uniformly to all applicants to demonstrate sufficient knowledge, skills and proficiency in the area for which certification is sought and in the various areas relating to such field. The award of an LL.M. degree from an approved law school in the area for which certification is sought within eight years *494 of application may substitute as the written examination required in this subsection.
(5) Current certification by an approved organization in the area for which certification is sought within five years of filing an application may, at the option of the certification committee, substitute as partial equivalent credit, including the written examination required in subsection (c)(4). Approval will be by the certification committee with an appeal from denial to the Board.
(d) When certification without examination is available in an area, the minimum requirements for such certification are:
(1) A minimum of twenty years in the practice of law on a full-time basis.
(2) A satisfactory showing of competence and substantial involvement in the particular area for which certification is sought during five of the last ten years, including the year immediately preceding the application for certification. Substantial involvement in the practice of law for the one year immediately preceding the application may be waived for good cause shown.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required under the Florida Designation Plan.
(4) Certification without examination may be granted only to individuals who apply within two years after the date on which the particular area is approved by the Supreme Court of Florida.
(e) Payment of any fees required by the plan.
Section 6. RECERTIFICATION.
(a) No certificate shall last for a period longer than five years.
(b) The minimum standards for recertifi-cation are prescribed below. Each area of certification established under this article shall contain requirements and safeguards for the continued proficiency of any certificate holder. The following standards shall apply:
(1) A satisfactory showing of substantial involvement during the period of certification in the particular area for which certification was granted.
(2) A satisfactory showing of such continuing legal education in the area for which certification is granted, but in no event less than the minimum required under the Florida Designation Plan.
(3) The payment of any fees prescribed by the plan.
(c)Any applicant for recertification who has either failed to meet the standards for recertification or has allowed the certificate to lapse, must meet all the requirements for initial certification as set out in Section 5.
Section 7. REVOCATION OF CERTIFICATION.
(a) A certificate may be revoked by the Board if the program for certification in that area is terminated or it is determined after hearing on appropriate notice that:
(1) The certificate was issued to a lawyer who was not eligible to receive a certificate or who made any false representation or misstatement of material fact to the certification committee or the Board;
(2) The certificate holder failed to abide by all rules and regulations governing the program promulgated by the Board of Governors or the Board as amended from time to time, including any requirement or safeguard for continued proficiency;
(3) The certificate holder failed to pay any fee established by the plan;
(4) The certificate holder no longer meets the qualifications established by the plan or the Board.
(b) A certificate may be revoked by the Board of Governors by reason of disciplinary action taken pursuant to the Integration Rule, Bylaws under the Integration Rule, or the Code of Professional Responsibility of The Florida Bar.
*495 Section 8. MANNER OF CERTIFICATION.
(a) A member having received a certificate in an area may list the area on his letterhead, business cards, office door, in the yellow pages of the telephone directory, in approved law lists and by such other means permitted by the Code of Professional Responsibility. The listing shall be made by stating “Board Certified (area of certification) Lawyer.”
(b) No law firm may list an area of certification for the firm, but membership in the firm does not impair an individual’s eligibility to list areas of certification in accordance with this article. Except for the firm listing in the telephone directory, a law firm may show next to the name of any firm members their certification area(s).
Section 9. RIGHT OF APPEAL.
A lawyer who is refused certification, recertification, or whose certificate is revoked by the Board, or any person who is aggrieved by a ruling or determination of the Board shall have the right to appeal the ruling to the Board of Governors under such rules and regulations as it may prescribe. Exhaustion of this right of appeal shall be a condition precedent to judicial review by the Supreme Court of Florida.
Section 10. FEES.
The fees for the operation of this plan are:
(a) Filing fee. This is for the filing and $150 review of an individual’s certification application. This fee is not refundable regardless of the disposition of the individual’s application.
(b) Examination/Certification fee. This $150 fee must be paid before the taking of the examination for certification or before an applicant who otherwise qualifies receives his certificate. This fee is not refundable regardless of the results of the applicant’s test.
(c) Annual fee. This fee is assessed $ 50 against each plan participant at the time that participant files a list of the approved continuing legal education accumulated during the preceding year.
(d) Course approval fee. This fee is $125 assessed against sponsors who want their
course approved under the Plan.
(e)Individual credit approval. This fee $ 5 is assessed against applicants or Plan participants to cover administrative costs of processing a credit request where a sponsor refuses to cooperate with approval under the Plan.
Section 11. PUBLIC NOTICE.
(a) The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including for example, telephone directories, in substantially the following form:
NOTICE
FOR THE GENERAL INFORMATION OF THE PUBLIC
ATTORNEYS MAY LIST THEIR AREAS OF PRACTICE IN THE YELLOW PAGES WITHOUT MEETING ANY SPECIFIC CRITERIA. “DESIGNATED ATTORNEYS” HAVE MET MINIMUM EXPERIENCE AND EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN. ATTORNEYS INDICATING THEY ARE “BOARD CERTIFIED” HAVE BEEN IDENTIFIED BY THE FLORIDA BAR AS HAVING MET RIGOROUS REQUIREMENTS OF EXPERIENCE AND EDUCATION IN THOSE AREAS.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, telephone A.C. 904/222-5286, Tallahassee, Florida 32301-8226.
(b) The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the plan.
Section 12. CONFIDENTIALITY.
All matters including but not limited to applications, references, tests and test scores, files, reports, investigations, hearings, findings, and recommendations shall be confidential so far as consistent with the effective administration of this plan, fair *496 ness to the applicant, and due process of law.
APPENDIX I
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED CIVIL TRIAL LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Civil Trial Lawyer. The purpose of the standards is to identify those lawyers who practice civil trial law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified civil trial lawyers.
Section 1. DEFINITIONS.
(a) “Civil trial law” is the practice of law dealing with litigation of civil controversies in all areas of substantive law before state courts, federal courts, administrative agencies and arbitrators. In addition to actual pretrial and trial process, “civil trial law” includes evaluating, handling, and resolving civil controversies prior to the initiation of suit.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is work such as law teaching or legal editorial duty which is legal in nature although not the practice of law.
Section 2. MINIMUM STANDARDS.
(a) Substantial Involvement. To become certified as a civil trial lawyer, a lawyer must demonstrate substantial involvement in civil trial law. Substantial involvement shall include:
(1)At least five years of actual practice of law of which at least thirty percent has been spent in active participation in civil trial law. At least three years of this practice shall be immediately preceding application or, during those three years, the applicant may have served as a judge of a court of general civil jurisdiction adjudicating civil trial matters or as a teacher of civil trial subjects in an accredited law school.
(2) The trial of a minimum of fifteen contested civil cases in courts of general jurisdiction during his practice. Of these fifteen cases several shall have been jury cases, several shall have been conducted by the applicant as lead counsel and several shall have been submitted to the trier of fact. On good cause shown, for satisfaction in part of the requirement of the fifteen contested civil cases the Civil Trial Certification Committee may consider involvement in protracted litigation.
(3) Within three years immediately preceding application the applicant shall have substantial involvement in contested civil matters sufficient to demonstrate special competence as a civil trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence and argument of a jury or nonjury case.
(b) References. The applicant shall select and submit names and addresses of six lawyers, not associates or partners, as references to attest to the applicant’s involvement in civil trial practice. Such lawyers themselves shall be substantially involved in civil trial law and shall be familiar with the applicant’s practice. No less than one shall be a judge of a court of general jurisdiction in the State of Florida before whom the applicant has appeared as an advocate in the two years immediately preceding the application. In addition, the Civil Trial Certification Committee may, at its option, send reference forms to other attorneys and judges. For good cause shown, one of these references listed may be waived by the Civil Trial Certification Committee, but in no event more than one.
(c) Education. The applicant shall make a satisfactory showing that within the five years immediately preceding application he has minimum approved postgraduate educa *497 tional experience in the broad field of civil trial law. Such experience shall be at programs approved by The Florida Bar and may include such activity as:
(1) Teaching a course in civil trial law;
(2) Completion of a course in civil trial law;
(3) Participation as a panelist or speaker in a symposium or similar program in civil trial law;
(4) Attendance at a lecture series or similar program concerning civil trial law, sponsored by a qualified educational institution or Bar group;
(5) Authorship of a book or article on civil trial law, published in a professional publication or journal;
(6) Such other educational experience as the Civil Trial Certification Committee shall approve.
PROVIDED HOWEVER, for applications filed in the years 1981 and 1982 there shall be a minimum of 30 hours. For applications filed in the year 1983 there shall be a minimum of 40 hours. For applications filed in the year 1984 and thereafter there shall be a minimum of 50 hours.
(d) Examination. The applicant must pass a written examination applied uniformly to all applicants, to demonstrate sufficient knowledge, proficiency and experience in civil trial law to justify the representation of special competence to the legal profession and to the public.
Section 3. RECERTIFICATION.
Recertification shall be under the following standards:
(1) The applicant must show that during the certification period he has met the substantial involvement criteria set forth in Section 2(a)(1) and (2).
(2) The applicant must submit references for knowledge and experience in accordance with Section 2(b).
(3) For each year of certification the applicant must show a minimum of 10 hours of approved educational experience. This requirement shall be satisfied in accordance with the provisions of Section 2(c).
(4)On special application, for good cause shown, the Civil Trial Certification Committee may waive compliance with the substantial involvement criteria provided all other requirements of Section 2 have been complied with.
APPENDIX II
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED TAX LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Tax Lawyer. The purpose of the standards is to identify those lawyers who practice in the area of taxation and have the special knowledge, skills, and proficiency to be properly identified to the public as certified tax lawyers.
Section 1. DEFINITIONS.
(a) “Tax law” means legal issues involving federal, state or local income, estate, gift, ad valorem, excise or other taxes.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Notwithstanding anything in the definition to the contrary, legal work done primarily for the purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plan or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law. However, time devoted to obtaining an LL.M. in taxation from an approved law school shall be considered as the practice of law.
Section 2. MINIMUM STANDARDS.
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of the United States law while in a foreign country, and shall have been a member in good standing of the Bar of any state of the United States or the District of Columbia for a period of five years as of the date of application.
*498 (1) The years of practice of law need not be consecutive.
(2) Receipt of an LL.M. degree in taxation (or such other related fields approved by the Board and the Tax Certification Committee) from an approved law school may substitute for one year of experience to meet the five year practice requirement under this section.
(b) Substantial Involvement. Every applicant must demonstrate substantial involvement in the practice of tax law during the three years immediately preceding the date of application. Upon an applicant’s request and the recommendation of the Tax Certification Committee, the Board may waive the requirement that the three years be “immediately preceding” the date of application if the Board determines the waiver is warranted by special and compelling circumstances. Substantial involvement means the applicant has devoted forty percent or more of his practice to matters in which issues of tax law are significant factors and in which he had substantial and direct participation in those tax issues. An applicant must furnish information concerning the frequency of his work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in Section 1(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on tax law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the Tax Certification Committee but written or oral supplementation may be required.
(c) References for Knowledge and Experience. Every applicant shall submit the names and addresses of five other attorneys who are familiar with his practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of tax law. The Board and the Tax Certification Committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The Board and the Tax Certification Committee may also make such additional inquiries as they deem appropriate.
(d)Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of his application, he has met the continuing legal education requirements in tax law as follows. During the first three years after the plan’s implementation, the required number of hours of continuing legal education shall be sixty hours which shall have been attained during the three-year period preceding the date of application. Thereafter, the required number of hours shall be established by the Board but shall in no event be less than ninety hours. Credit for attendance at continuing legal education seminars shall only be given for programs which are directly related to tax law. However, during the first three years of the plan any courses approved for credit in taxation or estate planning and administration (but only to the extent of the tax aspects of estate planning and administration) under The Florida Designation Plan shall be given equal credit for the purposes of the education requirement under this section. The education requirement may be satisfied by one or more of the following:
(1) Attendance at continuing legal education seminars meeting the requirements set forth above;
(2) Lecturing at, and/or serving on the steering committee of, such continuing legal education seminars;
(3) Authoring articles or books published in professional periodicals or other professional publications;
(4) Teaching courses in “tax law” at an approved law school or other graduate level program presented by a recognized professional education association;
(5) Completing such home study programs as may be approved by the Board and the Tax Certification Committee, subject to the limitation that no more than fifty percent of the required number of hours of education may be satisfied through home study programs; and
*499 (6) Such other methods as may be approved by the Board and the Tax Certification Committee.
The Board and the Tax Certification Committee shall, by rule or regulation, establish standards applicable to (1) through (6) above, including, but not limited to, the method of establishment of the number of hours allocable to any of the above-listed categories. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different lecture, article or other activity described in subsections (2), (3) and (4) above.
(e) Examination. Every applicant must pass a written examination designed to demonstrate special knowledge, skills and proficiency in the field of tax law. Any applicant who has received a LL.M. in taxation or other approved field from an approved law school within eight years of the date of application shall be exempt from the written examination requirement under this section.
Section 3. SPECIAL CERTIFICATION.
As a substitute for meeting the certification requirements set forth in Section 2, an attorney may be certified in tax law if, within eighteen months after the plan is officially implemented, he files an application and meets the following requirements:
(1) A minimum of twenty years of the practice of law.
(2) A satisfactory showing, as determined by the Board and the Tax Certification Committee, of substantial involvement in the field of tax law for seven of the ten years preceding the date of application and for the twelve-month period immediately preceding such date. The Board and the Tax Certification Committee may waive the twelve-month requirement upon request of an applicant if they determine that a waiver is warranted by special and compelling circumstances. An applicant must demonstrate substantial involvement in accordance with the criteria set forth in Section 2(b).
(3) Demonstration that the applicant has had not less than sixty hours of continuing legal education, determined in accordance with the standards established under Section 2(d), during the three years immediately preceding the date of application.
(4)Submittal to the Board of the names and addresses of five other attorneys who are familiar with his practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of tax law. The Board and the Tax Certification Committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The Board and the Tax Certification Committee may also make such additional inquiries as they deem appropriate.
Section 4. RECERTIFICATION.
To be eligible for recertification, an applicant must meet the following requirements:
(1) A satisfactory showing, as determined by the Board and the Tax Certification Committee, of continuous and substantial involvement in the field of tax law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in Section 2(b), except that the Board and the Tax Certification Committee may accept an affidavit from the applicant attesting to his compliance with the substantial involvement requirement.
(2) Demonstration that he has completed at least 150 hours of continuing legal education since the last date of certification (or recertification). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are Board Certified Tax Lawyers. If the applicant has not attained 150 hours of continuing legal education, but has attained more than sixty hours during such period, successful passage of the written examination given by the Board to new applicants shall satisfy the continuing legal education requirements.
(3) Completion of the reference requirements set forth in Section 2(c).
*500 (4)If, after reviewing the material submitted by an applicant for recertification, the Board and the Tax Certification Committee determine that the applicant may not meet the standards in tax law established under this article, the Board and the Tax Certification Committee may require, as a condition of recertification, that the applicant pass the written examination given by the Board to new applicants.
Article XX of the Bylaws under the Integration Rule is established as follows. Article XVII of the Bylaws is hereby repealed. The use of struck-through type indicates deletions. Underscoring indicates new language.
Article XVII
Article XX
FLORIDA DESIGNATION PLAN Section 1. ADMINISTRATION.
(a) The Board may delegate to a committee of Certification. Designation and Advertising (the “Board”') or to the staff personnel of Tho Florida Bar any or all of its shall have the administrative responsibilities arising under this article*, but Any member affected by an adverse decision from persons to whom-such duties are delegated of the Board may appeal to the Board; of Governors pursuant to Section 13 of this article.
(b) Responsibilities which have been delegated to the staff of The Florida Bar are listed on Schedule B.
(c) The president of- The — Florida- -Bar, with the approval of the Board, shall appoint a standing committee to be known as the Designation Coordinating Committee, which shall be composed of twelve members-, one of whom shall be the chairman-of the GLE Committee of The Florida Bar and not -more- -than-two ■ of.whom-shall-be - appointed from the roster of vice chairmen of the CLE Committee--of The Florida-Bar-; The president shall name one member of the Designation -Coordinating Gommittee-as the chairman. — The Designation Coordinating Committee Board shall cooperate with and answer inquiries from the staff personnel pertaining to the Plan and shall investigate and make recommendations to the Board of Governors concerning all questions relating to the Plan, including the following:
(1) Approved education courses,
(2) Alternative education methods,
(3) Number of hours credit to be allowed for educational efforts,
(4) Educational standards for satisfactory completion of approved courses,
(5) Possible need for cooperation with colleges and universities,
(6) Additional areas of practice to be approved for designation,
(7) Possible modification or expansion of the plan,
(8) Adoption of additional standards pertaining to the plan,
(9) Amount of the application and renewal fees,
(10) General administration of the plan.
(d)Application and renewal fees paid by members will bo deposited in a segregated account of Tho Florida Bar and used exclusively — for—purposes related to operations under this article.
(d)(e) The Florida Bar shall maintain a list of all members who have filed applications for permission or applications for renewal, showing the date and disposition of each application acted upon.
(e)(f) At least six months before the date on which a member’s permission to designate areas of practice expires, The Florida Bar shall give the member notice by regular mail advising the member of the date on which permission expires, the required qualifications for renewal of eligibility, and the procedure for renewal.
Section 2. DESIGNATION OF AREAS OF PRACTICE. A member may receive permission from The Florida Bar to publicly designate the areas in which he practices law if he has accumulated the experience and educational requirements set out in this article.
Section 3. SCOPE AND FUTURE DEVELOPMENT. The Board of Governors of *501 The Florida Bar intends to study and monitor the plan and- the operations thereunder to determine if modification and expansion. is required in the interests of the public and the Bar. Standards of education and experience will be periodically reviewed and upgraded where necessary.
Section 4. AREAS OF PERMITTED DESIGNATION.
(a) A member in good standing of The Florida Bar may not designate an area of practice unless the area has been approved by the Board of Governors. The Board of Governors may approve a particular area of practice on its own motion or upon the request of any member if it finds that the area:
(1) Has not already been approved under a different description;
(2) Is a generally accepted area of practice;
(3) Is described in dignified and ethically appropriate terms.
(b) The areas of practice which have already been approved are listed on Schedule A. Schedule A may be amended as frequently as necessary to add or delete areas approved by the Board of Governors.
(c) If a member wishes to designate an area which has not been approved by the Board of Governors, he shall include in his application for permission a request that the area of practice be approved. The Board shall consider the request before it takes action on the member’s application for permission.
Section 5. ELIGIBILITY FOR PERMISSION TO DESIGNATE AREAS OF PRACTICE.
(a)Except as provided in subsections (b), (c) and (d), a member in good standing of The Florida Bar may be eligible for permission to designate areas of practice if at the time he files his application: (1) he has been engaged in the practice of law for at least three years and during the three years preceding his application for permission he has had substantial experience in each area of practice listed in the application; and (2) he has accumulated at least the.minimum amount thirty hours of approved continuing legal education set-out below in each area sought to be designated^
—Ten hours if-the application is filed on or before December 31, 1979.
b-. — Twenty hours if the application is filod-on or after January 1; 198Qrbut not later than Docomber- 31, 1980.
e= — Thirty hours — if- the application is
filed on or after January 1, 1981.
(b) If the Board finds that a member who has not engaged in the practice of law in an area for three years preceding his application but has had post-graduate education or concentrated experience in a particular area of practice and the experience is equal to or greater than the experience he would have gained in that area from three years of practice, and he has accumulated the minimum amount of approved continuing legal education required under Section 5(a)(2), the Board may waive the requirement of Section 5(a)(1) and permit him to designate that area.
(c) If the Board finds that a member has had at least three years substantial experience or postgraduate education in an area of practice and the experience or education is not unreasonably remote, but that due to extenuating circumstances the member has not had substantial experience in the area during the three years preceding his application, and the member has- accumulated the minimum amount of approved continuing legal education required under Section 5(a)(2), the Board may waive the requirement of Section 5(a)(1) and permit him to designate that area.
(d) A member applying for permission to designate General Practice who has not been a member in good standing of The Florida Bar for the three years preceding his application but who has accumulated the minimum amount of approved continuing legal education required under Section 5(a)(2), may designate General Practice.
(e) A member shall not be eligible to designate more than three areas of practice at any one time.
*502 Section 6. APPLICATION FOR DESIGNATION OF AREAS OF PRACTICE.
(a) A member who wishes to designate one or more areas of practice shall file with the Board an application for permission on a form to be specified by the Board. The application shall:
(1) List the area or areas the member wishes to designate;
(2) State facts sufficient to establish that the member is eligible to designate the areas listed;
(31 Require the applicant to list the continuing legal education the member has accumulated during the previous three years:
(41 Require the applicant to submit certificates of reference from other lawyers who can attest to the applicant’s substantial experience in each area sought to be designated:
(5K31 Contain a statement that to enhance his proficiency the member will continue his legal education in the areas he wishes to designate through private study or continuing legal education programs approved by the Board or by this court and other appropriate means approved by the court.
(b) When the application is filed, the member shall pay an application fee in an amount to be established by the Board of Governors not exceeding $50 per area sought to be designated.
Section 7. ACTION ON APPLICATIONS TO DESIGNATE AREAS OF PRACTICE.
The Board shall promptly consider and act upon all applications for permission to designate areas of practice. If it finds that an applicant is eligible under Section 5 to designate one or more areas of practice, it shall issue a letter of permission authorizing the applicant to designate those areas. If it finds that an applicant is not eligible it shall notify the applicant of its finding and reasons for it.
Section 8. MANNER OF DESIGNATION.
(a) A member having permission to designate areas of practice may do so by listing the areas in the manner and locations permitted under the Code of Professional Responsibility. Designations shall be made by naming the permitted areas of practice. (For example, a permitted designation might be “John J. Jones, Admiralty and Trial Practice — General.”) Only the following description is permitted: “Qualified in _ under the Florida Designation Plan.”
(b) No law firm may designate an area of practice for the firm, but membership in a firm does not impair an individual member’s eligibility to designate areas of practice in accordance with this article.
Section 9. EFFECT OF DESIGNATION RULE. Nothing in this article precludes any member from practicing in any area of practice regardless of whether he has designated it or any other area under this article.
Section 10. DURATION AND RENEWAL.
(a) A member’s rights to designate one or more areas of. practice shall continue for a term of three years from the date of the letter of permission issued under Section 7 or subsection (d) of this section.
(b) A member shall be eligible to renew his right to designate an area of practice only if during the preceding three-year period he has had substantial experience during the three years preceding the renewal application and he has devoted at least 30 hours, of which only a maximum of 20 hours may be accumulated for credit in any one of the preceding three years, to approved continuing legal education in each area for which renewal is sought. For good cause shown, the Board may waive all or any part of such requirement.
(c) A member who wishes to renew his right to designate areas of practice shall file an application for renewal with the Board at least 30 days before the permission expires. The application shall be on a form specified by the Board and shall state sufficient facts to establish that the member is eligible to renew. When the application is filed, the member shall pay a renew *503 al fee in an amount to be established by the Board of Governors not exceeding $50 per area sought to be designated. The 30-day notice period may be waived by the Board for good cause shown.
(d) The Board shall promptly consider and act upon all applications for renewal in the same manner as provided in Section 7.
Section 11. CONTINUING LEGAL EDUCATION.
(a) Continuing legal education courses which are designed to enhance the proficiency of a designated attorney in a particular area of practice shall qualify as approved courses hereunder. The Board shall determine the number of hours credit to be given for each such course and the designated area entitled to credit for each course. The Board of Governors may assess a fee to review and approve courses under this plan.
(b) On the application of any interested person, the Board shall make a determination of the qualification of, and credit to be allowed for, alternative courses or methods of legal education.
(c) From time to time the Board shall publish current lists of approved educational alternatives.
Section 12. PUBLIC NOTICE.
(a) The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including, for example, telephone directory yellow pages, in substantially the following form:
NOTICE
FOR THE GENERAL INFORMATION OF THE PUBLIC
ATTORNEYS MAY LIST THEIR AREAS OF PRACTICE IN THE YELLOW PAGES WITHOUT MEETING ANY SPECIFIC CRITERIA. “DESIGNATED ATTORNEYS” USING (A SYMBOL) AF-TER-THEIR NAME OR AREAS OF PRACTICE HAVE MET MINIMUM EXPERIENCE AND EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN. HOWEVER. NO ATTOENEW-HAS- BEEN CERTIFIED BY-THE-FLORIDA- BAR AS HAVING ANY MORE COMPETENCE IN THESE AREAS THAN ANY OTHER ATTORNEY. ATTORNEYS INDICATING THEY ARE “BOARD CERTIFIED” HAVE BEEN IDENTIFIED BY THE FLORIDA BAR AS HAVING MET RIGOROUS REQUIREMENTS OF EXPERIENCE AND EDUCATION IN THOSE AREAS.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, Telephone A.C. 904/222-5286, Tallahassee, Florida 32301-8226.
(b) The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the plan.
Section 13. RIGHT OF REVIEW.
Any member adversely affected by an administrative ruling concerning this plan may petition the Board of Governors for relief. Any denial of relief by the Board of Governors can be reviewed by the court on the member’s petition within 30 days of notice of the Boards of Governors action.
SCHEDULE A
Administrative and Governmental Law Admiralty
Antitrust and Trade Regulation
Appellate Practice
Aviation Law
Bankruptcy
Civil Rights
Collections
Corporation and Business Law
Criminal Law
Environmental Law
General Practice
Immigration and Naturalization
International Law
Juvenile Law
Labor Law
*504 Marital and Family Law
Patent, Trademark and Copyright
Real Property Law
Securities
Taxation
Trial Practice — General
Trial Practice — Commercial
Trial Practice — Personal Injury and Wrongful Death
Wills, Estates and Estate Planning
Workers’ Compensation
SCHEDULE B
1. Action under Section 7 on applications for permission filed by individual members provided the applications do not involve requests for waivers under Section 5(b) or (c).
2. Action under Section 10(c) on applications for renewal filed by individual members.
3. Issuance of letters of permission under Section 7 and Section 10(c).
4. Timely issuance and publication of all notices required under this article.
5. Maintenance of list of members required by section lfeUcT).
6. Maintenance and publication of lists of educational courses approved by the Board.
The Integration Rule of The Florida Bar is amended as follows. The use of struck-through type indicates deletions. Underscoring indicates additions.
Article XI
RULES OF DISCIPLINE
Rule 11.13: ADDITIONAL RULES OF PROCEDURE
(8) Ethics and Unauthorized Practice of Law Opinions.
The Professional Ethics Committee, Staff Counsel and assistants, and the Standing Committee on Unauthorized Practice of Law of The Florida Bar shall issue Advisory Opinions in accordance with procedures prescribed by the Board of Governors and approved by the Supreme Court of Florida. Such Advisory Opinions shall be written by the foregoing committees and staff counsel acting as adjuncts of the Board of Governors of The Florida Bar serving as an arm of the Supreme Court of Florida in the exercise of its jurisdiction to control, supervise and regulate the standards of professional conduct to be observed by members of The Florida Bar and in the exercise of its jurisdiction to prohibit the Unauthorized Practice of Law. Such opinions shall be subject to review by the Board of Governors of The Florida Bar in accordance with procedures promulgated by the Board. Informal and other staff counsel opinions, including but not limited to ethics opinions and Unauthorized Practice of Law opinions, shall be subject to review by the Professional Ethics Committee, or the Standing Committee on Unauthorized Practice of Law of The Florida Bar in accordance with the procedures prescribed by the Board of Governors. All opinions of the Professional Ethics Committee and the Standing Committee on Unauthorized-Praetice of Law of The Florida-Bar involving an interpretation of Canon 2 as it relates to lawyer advertising or solicitation shall be subject to review by the Board of Certification. Designation and Advertising and the Board of Governors of The Florida Bar or such appeals committee as they the Board of Governors may designate. All opinions of the Standing Committee on Unauthorized Practice of Law shall be subject to review bv the Board of Governors of The Florida Bar or such appeals committee as the Board of Governors may designate.
The Code of Professional Responsibility is Revised to Provide:
DR 2-105. LIMITATION OF PRACTICE.
A lawyer shall not hold himself out publicly as a specialist or as limiting his practice, except as permitted under DR 2-102(A)(6) or as follows:
('ll A lawyer who complies with the Florida Certification Plan as set forth in Article XXI of the Integration Rule and Article XIX of the Bylaws of The Florida Bar, may *505 inform the public and other lawyers of his certified areas of legal practice.
(21134 A lawyer who complies with the Florida Designation Plan as set forth in Article XXI of the Integration Rule and Article XVH XX of the Bylaws of The Florida Bar, may to the extent permitted therein inform the public and other lawyers of his designated areas of his legal practice.
(31(21 A lawyer may permit his name to be listed in lawyer referral offices according to the fields of law in which he will accept referrals.
(4K31 A lawyer available to act as a consultant to or an associate of other lawyers in a particular branch of law or legal service may distribute to other lawyers and publish in local legal journals a dignified announcement of such availability, but the announcement shall not contain a representation of special competence or experience, except as permitted under DR 2-105(1) or (2) above. The announcement shall not be distributed to lawyers more frequently than once in a calendar year, but it may be published periodically in local legal journals.
(4) A lawyer who is cortified-as a specialist in a particular-field of law-or law practice by the- authority having jurisdiction under- state law over the subject of speciali ■ zation by lawyers may hold himself out as such specialist but only in accordance with the rules prescribcd-by that authority.
SUPPLEMENTAL OPINION
PER CURIAM.
By our opinion in this matter dated January 28, 1982, we approved the bar’s new proposed plan for lawyer certification, designation, and advertising. We directed the bar to publish the plan in The Florida Bar News so that interested parties could have the opportunity to respond on or before March 10, 1982. In response we have received a number of comments, one of which we find merits our attention.
Section 5(c)(4) of the certification plan provides that “[t]he award of an LL.M. degree from an approved law school in the area for which certification is sought within eight years of application may substitute as the written examination required in this subsection.” In our January 28 opinion, we directed that the plan should become effective on July 1, 1982, so that it would coincide with the beginning of The Florida Bar’s fiscal year. That date effectively requires those lawyers receiving an LL.M. degree in May or June of 1974 to take a written examination under the plan, but those receiving an LL.M. degree in July of 1974 may, under section 5(e)(4), be excluded from a written examination.
We deem this inequitable and grant to the Board of Certification, Designation, and Advertising the authority to include within section 5(c)(4) May and June, 1974, LL.M. graduates. We find that insertion of additional language into section 5(c)(4) to achieve this purpose unnecessary. As stated in our previous opinion, the total plan shall become effective on July 1, 1982, at 12:01 a. m.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.