PER CURIAM.
The Florida Bar petitions this Court to approve proposed amendments to the Florida Certification Plan, article XIX of the Bylaws of the Florida Bar Integration Rule, to establish Board Certified Real Estate Lawyers.
We approve the proposed amendments, as modified and appended to this opinion. We have eliminated provisions of the proposal permitting an oral examination to be “used in lieu of a written examination in special waiver situations, as determined by the Board [of Certification, Designation and Advertising].” This Court has previously expressed concern about exceptions in the examination provisions of the certification process. The Florida Bar Re *23 Amendment to Integration Rule (Certification Plan), 399 So.2d 1385 (Fla.1981). Allowing the Board to exempt applicants from a written demonstration of proficiency without any standards vests the Board with unlimited discretion which could easily subject the program to the criticism of favoring one group of lawyers or of being protectionist. Further, permitting oral examinations in unspecified situations would make this certification scheme for real estate lawyers inconsistent with certification plans for Board Certified Tax Lawyers, Board Certified Civil Trial Lawyers, Board Certified Estate Planning and Probate Lawyers, and Board Certified Marital and Family Lawyers.
This Court will entertain modification of the mandatory written examination provision. We note that we have previously approved certain specified exemptions to the taking of a written examination. See The Florida Bar Re: Amendment to Integration Rule (Certification Plan), 414 So.2d 490, 497 (Fla.1982) (standards for a Board Certified Tax Lawyer).
The proposed amendments, as modified, shall become effective on July 1, 1986, at 12:01 a.m.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH, SHAW and BARRETT, JJ., concur.
ADKINS, J., concurs in part and dissents in part with an opinion.